UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM LEBRATO,<br><br>    Defendant. | CAUSE NO. 1:23-CV-331-JTM-JEM |

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint against Public Defender William Lebrato. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this case, Mr. Vazquez is suing Public Defender Lebrato because he is unhappy with his representation and does not believe he will get a fair trial. (DE # 1 at 2.) In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must

permit an inference that the defendants' actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the State and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) (dismissing claims against public defender as frivolous because "court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983"). Therefore, Mr. Vazquez cannot proceed against Public Defender Lebrato.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: August 7, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

2